# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-128 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Percy Lee Strother, Jr. (1), | |
| Defendant. | |

Bradley M. Endicott, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

John S. Hughes, Law Office of John S. Hughes, 331 Second Avenue South, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Defendant's Motion for Discovery (ECF No. 15);

2. Defendant's Motion for Release of *Brady* Materials (ECF No. 16);

3. Defendant's Motion to Retain Rough Notes (ECF No. 17);

4. Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 18); and

5. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 19).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Discovery (ECF No. 15) is **GRANTED** as follows: Defendant seeks discovery materials, including his statements, his prior criminal record, items material to the preparation of his defense, and results or reports of physical or mental examinations. Defendant also seeks disclosure from the Government of a written summary of any expert testimony the Government intends to use at trial, including the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. At the hearing, the parties agreed that all expert disclosures would be made no later than 14 days before trial. The Government also noted that is has already provided some of these materials to Defendant and is aware of its ongoing duty to disclose. The Government shall fully comply with its obligations under the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and all other relevant authorities concerning discovery and it shall disclose these materials in a timely fashion. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). Regarding expert witnesses, the parties shall disclose a written summary of any expert testimony no later than 14 days prior to trial.

2. Defendant's Motion for Release of *Brady* Materials (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks evidence favorable to Defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1

(1967), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Moore v. Illinois*, 408 U.S. 786 (1972). The Government indicated that it understands its obligations under these authorities and will provide such information on an ongoing basis. Therefore, the Government shall comply fully with its obligations under *Brady* and its progeny. To the extent Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

3. Defendant's Motion to Retain Rough Notes (ECF No. 17) is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent involved in this case to retain and preserve all rough notes pertaining to this matter. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes. Therefore, the Government shall direct all its law enforcement agents involved in this case to retain and preserve any rough notes pertaining to this case.

4. Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 18) is **GRANTED** as follows: Defendant requests that the Government disclose any evidence it intends to offer at trial pursuant to Rules 404(b) and 608(b) of the Federal Rules of Evidence. The Government indicates it is aware of its obligations under the Federal Rules of Evidence. At the hearing, the parties agreed to a deadline of two weeks before trial for such disclosures.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted). Rule 608 applies to the admission of extrinsic evidence related to "specific instances of conduct" that are probative of the character for truthfulness or untruthfulness of the defendant or any other witness.

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Federal Rules of Evidence 404(b) and 608(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

5. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 19) is **DENIED** except as follows: Defendant seeks early disclosure of Jencks Act. The Government objects to Court-ordered disclosure of Jencks Act materials, but agrees to reciprocal exchange of Jencks Act materials three days prior to trial. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the

United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n. 2. Therefore, no later than three days before trial, the Court expects the parties to provide Jencks Act materials as agreed so as to prevent delays in trial.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: October 31, 2019        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Strother, Jr.*
Case No. 19-cr-128 (JRT/TNL)