HONORABLE JUDGE JOHN R. TUNHEIM                                  STROTHER, Fed. No. 22002-041

      Defendant, Percy Lee Strother Jr., hereby with all due respect, objecting to the 1993 simple robbery predicate on the indictment, CRIM. NO. 19-128 (JRT/TNL), and a 1989 juvenile adjudication off the indictment. Interpretation of the word "simple" is not a word to be in the same sentence as violent. There is no such phrase as, simple murder, or simple rape, why would there be simple robbery? One would think that the level of severity would be measured by 'degree's', if it has the use of violent force. I'am sure about the fact, that to a young illiterate person the ages, 17-19 being told in a plea agreement that, "Oh you can just plea to 'simple' whatever would be making light of the situation", like coercion especially to a teenager, in a hurry to get out of, H.C.D.C.. My intuition was somewhat correct cause in the Black's Law Dictionary 11th Edition, the definition of, 'simple robbery'- "Robbery that does not involve an aggravating factor or circumstance." The definition of 'violent'- "The use of physical force, accompanied by fury, vehemence, outrage, with the intent to harm." Or maybe taken in the same way as 'simple assault. See, JOHNSON, 587 F.3d 203; 2009; "In the 1993 case there was no interaction with anybody." Legally I don't meet the requirements the ACCA intended. The 1993 predicate crime does not match the simple-robbery charge. There was no physical force, or another person.

      Going through the deciphering process, I see, Pettis, 2016 U.S. Dist. LEXIS 127524 (PJS/FLN), The Court SUSTAINS his objection to the PSR's treatment of his burglary conviction as a violent felony for purposes of the ACCA. Convictions for simple robbery, See, Jones, 2016 U.S Dist. LEXIS 104736, 1984 Iowa robbery law does not categorically indicate that Jones was convicted of a "violent felony' under the ACCA's clause. Pettis argues that his three prior convictions for simple robbery do not qualify as violent felonies for purposes of the ACCA. Again, the Court agrees. In July, the Eighth Circuit held that simple robbery under Arkansas law was not a violent felony under the ACCA because it could be committed without the use of a strong, substantial, or violent degree of force. United States v. Eason, 829 F.3d 633, 2016 U.S. (8th Cir.), Minnesota's simple-robbery statute, like Arkansas's simple-robbery statute, does not require the government to prove that the defendant used a strong, substantial, or violent degree of force. Therefore, under Eason, the Court must find that conviction for simple robbery under Minn. Stat. § 609.24 is not conviction of a violent felony for purposes of the ACCA. The Court therefore SUSTAINS Pettis's objection to the PSR's treatment of his three simple-robbery convictions as violent felonies for purposes of the ACCA, but the Court OVERRULES Pettis's

objection to the PSR's treatment of the same convictions as crimes of violence for purposes of the Guidelines. *Pettis*, 888 F.3d 962; 2018, Sentence vacated, and case remanded for resentencing under ACCA. *Pettis*, 2019 U.S. Dist. LEXIS 84443, Pettis's argument regarding the ACCA **is likely to be raised by other defendants in this District.** Pettis argues, however, that the recent decision of the United States Supreme Court in *Stokeling v. United States*, 139 S. Ct. 544, 202 (2019), "adds new principles into the legal firmament," (ECF No. 152 at 3)-and that, under these "new principles," simple robbery in Minnesota is not a violent felony under the ACCA. In Stokeling, the Supreme Court considered a Florida robbery statute that (much like the Minnesota simple-robbery statute) has as an element the use of force sufficient to overcome a victim's resistance.

As a legal matter, Pettis's argument is completely without support. (They say Pettis could have cited a better case). Pettis relies primarily on *State v. Burrell*, 506 N.W.2d 34 (Minn. Ct. App. 1993). "A case that had no physical violence at all." See, Strother, 354 N.W.2d 875; (1984), Williams took a billfold from James' right rear pants pocket. [I was told that the guy was just leaning on the wall with the wallet about to fall out of his pocket, they were convicted with no force used.] "It is impossible to commit simple robbery in Minnesota without "the use, attempted use, or threatened use of physical force against the person of another," 880 F.3d 1011, (8th Cir. 2018)."

The case's that *Pettis cited were, Eason*, 829 F.3d 633; 2016 U.S. App. LEXIS 12916), At sentencing, Eason made a general objection to use of the residual clause of the ACCA, arguing it was unconstitutionally vague. While we have held that force that produces even a minimal degree of bodily injury constitutes violent force, see *United States v. Rice*, 813 F.3d 704, (8th Cir. 2016), actual bodily injury is not required to establish a robbery under Arkansas law. We have also held, however, that not every unwanted touching constitutes violent force. See, e.g., *United States v. Ossana*, 638 F.3d (8th Cir. 2011).

*Taylor*, 2017 U.S. Dist. LEXIS 17376, Taylor devotes most of his argument to the assertion that Minnesota simple robbery does not fall within the force clause. (See Dkt. No. 76.) The Eighth Circuit has determined that it does. See, *United States v. Raymond*, 778 F.3d (8th Cir. 2015); *United States v. Johnson (Samuel Johnson)*, 526 F. App'x 708, (8th Cir. 2013) (unpublished); See, also *United States v. Fogg*, 836 F.3d 951, (8th Cir. 2016) (affirming sentence enhancement when the district court determined that Minnesota simple robbery is a predicate offense, and the appeal did not dispute this determination); *United States v. Armstrong*, 554 F.3d (8th Cir. 2009) (same). Nevertheless, in support of his argument, Taylor cites three cases: *United States v. Pettis*, No. 15-CR-233 (PJS/FLN), 2016 U.S.

2

Dist. LEXIS 127524, *United States v. Eason*, 829 F.3d 633, (8th Cir. 2016), and *United States v. Bell*, 840 F.3d (8th Cir. 2016). Taylor argues that Minnesota simple robbery{2017 U.S. Dist. LEXIS 6} is similar to the robbery crimes in Eason (Arkansas) and Bell (Missouri). (See Dkt. No. 76.) Taylor asks this Court to apply Pettis's reasoning and find-contrary to Eighth Circuit precedent-that Minnesota simple robbery is not a violent felony.

*Shepard*, 544 US 13, (Thomas J.,dissenting), "In my view, broadening the evidence judges may consider when finding facts under Taylor-by permitting sentencing courts to look beyond charging papers, jury instructions, and plea agreements to an assortment of other documents such as complaint applications and police reports-would not give rise to constitutional doubt, as the plurality believes. *Townsend*, 941 N.W.2d 108; 2020 Minn. Townsend's simple-robbery conviction. It is the State's burden to prove every element of the charged offense. *State v. Struzyk*, 869 N.W.2d 280). The crime of simple robbery has four elements. The <u>first</u> element is that an individual must have "knowledge of not being entitled" to the property at the time of the offense. Minn. Stat. § 609.24. The <u>second</u> element is that the individual must "take[ ] personal property." Id. The <u>third</u> element requires the taking to be accomplished "from the person or in the presence of another." Id. The <u>final</u> element is that the individual must "us[e] or threaten[] . . . force against any person to overcome the person's resistance [to] . . . the taking or carrying away of the property." Id. {1993 none of the final elements were used}.

*Stokeling*, 586 US 202 L, (2019), Force that is capable of causing physical injury within the meaning of Johnson v. United States, when it is sufficient to overcome a victim's resistance. Such force satisfies ACCA's elements clause. (Thomas, J., joined by Breyer, Alito, Gorsuch, and Kavanaugh, JJ.)State law - physical force  Florida law defines robbery as the taking of money or other property from the person or custody of another, when in the course of the taking there is the use of force, violence, assault, or putting in fear. *Fla. Stat. § 812.13(1)*. The Florida Supreme Court has made clear that this statute requires resistance by the victim that is overcome by the physical force of the offender. Mere snatching of property from another will not suffice. (Thomas, J., joined by Breyer, Alito, Gorsuch, and Kavanaugh, JJ.)  {similar to *Strother*, 354 N.W.2d 875}.

State law – Force-, A defendant who grabs the victim's fingers and peels them back to steal money commits robbery in Florida. But a defendant who merely snatches money from the victim's hand and runs away has not committed robbery. The statute's definition mirrored the elements of the common-law crime of robbery, which has long required force or violence. At common law, an unlawful taking was merely larceny unless the crime involved ``violence."

3

We can think of no reason to read ``force" in the revised statute to require anything more than the degree of ``force" required in the 1984 statute. And it would be anomalous to read ``force" as <*pg. 520> excluding the quintessential ACCA predicate crime of robbery, despite the amendment's retention of the term ``force', "<u>and its stated intent to expand the number of qualifying offenses.</u>"

Applying that standard to a Florida battery law criminalizing ``any intentional physical contact," the Court concluded that the law did not require the use of ``physical force" within the meaning of ACCA. Ibid. As explained, Florida law defines robbery as ``the taking of money or other property . . . from the person or custody of another, . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear." <u>Fla. Stat. § 812.13(1)</u>).

`The same is true here. The lower grade offenders whom Florida still chooses to call ``robbers" do not bear the hallmarks of being the kind of people who are likely to point a gun and pull the trigger, nor have they committed the more aggravated conduct-pointing a weapon, inflicting bodily injury-that most people think of when they hear the colloquial term ``robbery." Under Florida law, ``robbers" can be glorified pickpockets, shoplifters, and purse snatchers. No one disputes that such an offender, if later discovered illegally in possession of a firearm, will in many cases merit greater punishment as a result of the past offense; unless it occurred far in the past, such a conviction will typically increase that defendant's advisory sentencing range under the U. S. Sentencing Guidelines. See, *Thonesavanh*, <u>904 N.W.2d 432</u>, *The Minnesota Criminal Code, Minn. Stat. ch. 609*, defines a variety of crimes, but at least one other crime, simple robbery, has a common purpose and a similar subject matter to theft because both crimes involve the taking of personal property without the consent of the owner. See Minn. Stat. § 609.24, *Bell*, <u>840 F.3d 963</u>, The amount of physical force required for a person to be convicted of second-degree robbery in Missouri does not necessarily rise to the level of physical force required for a crime of violence under the U.S. Sentencing Guidelines.

"The district court has discretion as to whether or not to allow the defendant to challenge the prior conviction at sentencing. See, *CANALES*, *960 F.2d 1311;* Courts have the discretion to collaterally examine the validity of prior convictions that the defendant had not challenged previously." See, CUSTIS, 511 US 485, Custis argues that regardless of whether § 924(e) permits collateral challenges to prior convictions, the Constitution requires that they be allowed. See, *JONES*, <u>977 F.2d 105</u>. The district court accepted defendant's uncorroborated testimony that his counsel was ineffective in his guilty plea to attempted robbery and refused to sentence him as a career offender. *DOTSON*, <u>949 F.3d 317</u>, The government could not support an ACCA enhancement with a conviction listed in the

4

PSR but not previously designated at sentencing as a predicate. *See, United States v. Hodge,* 902 F.3d 420, 427 *(4th Cir. 2018)*. The court rooted its holding in the unfairness of the defendant having no notice-no{2020 U.S. App. LEXIS 11} reason at sentencing to believe the court or government may react to a change in the law favorable to the defendant by relying on another of his prior convictions to preserve the ACCA sentence. See, *Day,* 949 F.2d 973; The defendant bears the burden of proving, by a preponderance of the evidence, that his prior convictions cannot be used for sentence enhancement. Because the sentencing court must weigh the evidence, and in some cases evaluate the credibility of witnesses, the court may reverse only for clear error, which includes reliance on an erroneous interpretation of applicable law. "My objection is not simple robbery, it's the 1993 charge is not."

According to the Supreme Court, "physical force" means "violent force-that is, force capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. Thus, the "merest touch" is insufficient, but the "degree of force necessary to inflict pain-a slap in the face."

"{1993, CASE DID NOT INVOLVE ANOTHER PERSON}"

Minnesota has upheld simple robbery convictions where more than minimal force was threatened or employed: ripping a necklace off a victim's neck, causing scratches that felt "like skin burn"; The use or threatened use of force in these examples is greater than that required by the state statutes in Eason, and Bell, and is capable of causing physical pain or injury. No Minnesota court has held that merely bumping, nudging, or "impacting," someone (or threatening to do so) is sufficient to overcome that person's resistance. Minnesota simple robbery requires that the perpetrator intend his force to not only overcome resistance, but also have that effect. Minnesota courts have interpreted the definition of bodily harm to require harm that causes pain or an "injury that weakens or damages an individual's physical condition." *State v. Jarvis,* 665 N.W.2d 518. As Justice Scalia recognized, "it is impossible to cause bodily injury without using force 'capable of' producing that result." *United States v. Castleman,* 134 S. Ct. 1405, (Scalia, J., concurring in part and in the judgment); *United States v. Rice,* 813 F.3d 704, *(8th Cir.) (applying such an understanding).*

*Lozado,* 2020 U.S. App. LEXIS 23726, A juvenile offense can be classified as a violent felony under the Armed Career Criminal Act, 18 U.S.C.S. § 924(e), only if it involves the use or carrying of a firearm, knife, or destructive device. 18 *U.S.C.S. § 924(e)(2)(B)*; 18 U.S.C.S. § 921(a)(4). *YOBARRI EASON,* 2020 U.S. Dist. LEXIS 105939, his juvenile adjudication for aggravated robbery should not have qualified as a violent felony under the Armed Career Criminals Act ("ACCA"). *See, Harrison,* 832 F.3d 844 *(2016),* Defendant's juvenile adjudication was thus not an ACCA predicate offense.

Tahash, <u>263 Minn. 158; 116 N.W.2d 657</u>; <u>§ 260.08</u>.,reads,"* * * The parents of the child, if living * * * shall be notified of the proceedings * * *. On the date set for the hearing * * * or on the appearance of the child with or without summons or other process in person before the court, and on the return of the service of notice, if there be any person to be notified, or a personal appearance or written consent to the proceedings of the person or persons, if any to be notified, * * * the court shall proceed to hear the case, and may proceed in a summary manner. * * * The child shall have the right to appear and be represented by counsel at all hearings in the court." <u>"I did not have none of this at court."</u>

"{In reference to the 1989 juvenile adjudication}"......

See, ASH, <u>917 F.3d 1238</u>;(2019), The Armed Career Criminal Act's elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance. Although it had previously defined force for the purpose of the same clause as violent force, that is, force capable of causing physical pain or injury to another person.

In more recent cases, the Missouri Court of Appeals has reversed robbery convictions in cases in which the defendant did not overcome victim resistance. In *State v. Henderson,* <u>310 S.W. 3d 307</u>, that court determined there was insufficient force to sustain a second-degree robbery conviction because the evidence showed defendant only "brushed" a store clerk's arm in taking money from her cash register, but did not "hit, grab, pull, or use any force against her" and "the clerk did not resist." Id. at 308. This "contact incidental to the money snatch," the court held, was "not a threat or use of force to overcome resistance." <u>Id. at 309</u>. Similarly, in Tivis, the Missouri Court of Appeals overturned a robbery conviction because defendant merely "grabbed the [victim's] purse by its strap, took it from her shoulder and ran off," but "there was no struggle over the purse, [the {<u>917 F.3d 1244</u>} defendant] did not touch her and she was not injured." <u>884 S.W.2d at 29-30</u>. Ash cites to language in *State v. Lewis,* <u>466 S.W.3d 629</u>, arguing that case establishes second-degree robbery can be committed with less force than necessary to overcome victim resistance. In summarizing caselaw on the force necessary to commit second-degree robbery, the Lewis court stated that "where there was no physical contact, no struggle, and no injury, courts have found the evidence insufficient to support a robbery conviction.                               "(1993 predicate had no physical contact.)".....

RUMLEY, <u>952 F.3d 538;</u> *2020 U.S. App. LEXIS 8128,* "*Says,* In light of the rapidly changing law governing ACCA predicates. Under <u>18 U.S.C. § 3661</u>, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense

6

which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," and in *Pepper v. United States*, 562 U.S. 476, 490, the Supreme Court applied this rule to resentencings, noting that the sentencing framework applicable at an initial sentencing is equally applicable "at any subsequent resentencing after a sentence has been set aside on appeal."

Consistent with, § 3661, the Pepper Court indicated that a district court is entitled to consider additional relevant evidence introduced by either party at a resentencing hearing, even if that evidence had not been presented at the initial hearing. See id. at 490-91. We thus conclude that designating for consideration an additional ACCA predicate at resentencing does not give the government an unfair "second bite" at the apple; it is, instead, consonant with the general principle that a sentence should be appropriately tailored to account for all information available to the sentencing court at the time a sentence is imposed. See, *CORNISH*, U.S. Dist. LEXIS 3838, When the "statutory definition of the prior offense" is broad enough to permit conviction based on conduct that falls outside the scope of 18 U.S.C.S. § 924(e)(2)(B), it becomes necessary to look beyond the statute of conviction. Only in such cases may the sentencing court look to the facts of the particular case in order to determine whether the trier of fact necessarily found elements that would qualify the offense as a "violent felony" under 18 U.S.C.S. § 924(e)(2), *ERVIN*, 198 F. Supp. 3D 1169;. To decide whether a defendant's prior conviction has as an element the use, attempted use, or threatened use of physical force against the person of another, the federal sentencing court must compare the minimum level of force required to support the prior conviction with the minimum level of force required by Johnson I. The law of the jurisdiction that entered the prior conviction determines the level of force required to support the conviction.

A federal sentencing court cannot take the words of a state criminal statute at face value in determining whether the crime is a crime of violence. The words must be given the meaning that state law gives them. Also see, *JONES*, 2019 U.S. Dist. LEXIS 124935. Two days after the Report and Recommendation was filed, however, the Eleventh Circuit decided Moss. The Eleventh Circuit held that "[t]o qualify as a violent felony under the elements clause, a conviction must be predicated on the intentional use of physical force, 'to constitute as a crime of robbery, there must be violence. 920 F.3d at 758 (emphasis in original) (citing *United States v. Palomino Garcia*, 606 F.3d 1317, (11th Cir.) . According to the Texas Penal Code, a person commits robbery when "in the course of committing theft . . . and with the intent to obtain or maintain control{2019 U.S. Dist. LEXIS 26} of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another, or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

*Another is MOSS*, 920 F.3d 752; 2019; Defendant's sentence was vacated, and the case was remanded for resentencing since his prior Georgia conviction for aggravated assault did not qualify as a predicate crime of violence under the ACCA. To qualify as a violent felony under the elements clause, a conviction must be predicated on the intentional use of physical force. See, *Palomino Garcia*, 606 F.3d at 1334-36,[violent] physical force,' which 'is force capable of causing physical pain or injury to another person. *Jones v. State*, 467 S.W.2d 453, *(holding that "[t]he mere snatching of money from another's hand is not robbery. . .")*. Daniels, 2019 U.S. Dist. LEXIS 149665, two 1983 simple robbery charges were vacated, because the government couldn't present Shepard-approved documents. {Does the ACCA go so far back until the government is unable to find documentation?} "Most of all these words have been cited from case-law."

I was told 31 years later that the cases that I plead to should have been considered thefts not simple robbery, but even now a person doesn't have a choice in the charge they would be sentenced to. Out of nowhere going up against a life threatening enhancement seems inconceivable. Considering, along with all the other things going on in the world today. I can only pray this situation doesn't seal my fate, because I do value my life, and the lives of others. And I'am not the inconsiderate juvenile I was back then. My life has been a difficult developing process, and I believe I've made progress. Back then I didn't have a clue of what life was about, now through all this I feel I know exactly how to be, when I was younger, I plead to offenses because I felt as though if I had something to do with the offense, then I should plea. Had I been through this federal system years ago I truly believe I would not be in jail today, this is the most time I ever thought I would ever do in a county jail, let alone, county jails across America. I appreciate your time.

Respectfully submitted,

Dated: January 5th 2021

By:/s/PercyLee Strother Jr
Defendant
Sherburne County Jail
13880 Business Center Dr. N.W.
Elk River, MN 55330