UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 19-128 (JRT/TNL)

RECEIVED BY MAIL
AUG 20 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PERCY LEE STROTHER JR.,

    Defendant.

**DEFENDANT'S POSITION REGARDING SENTENCING**

## INTRODUCTION

Defendant, Percy Lee Strother Jr., submits this sentence position pursuant to Rule 83.10(e) of the Local Rules of the United States District Court for the District of Minnesota. Defendant respectfully requests this Court to impose a sentence that is "sufficient, but not greater than necessary," to serve this Court's sentencing objectives. U.S.S.G. § 3B1.2; 18 U.S.C. § 3553(a). Defendant seeks a sentence of no more than 63 months imprisonment.

## PROCEDURAL HISTORY

On April 9th, 2021, one-count Information was filed charging the Defendant with Possession of a Stolen Firearm on January 5th, 2019, in violation of 18 U.S.C. § 922(j). Defendant pled guilty to the sole count on May 11th, 2021.

SCANNED
AUG 20 2021
U.S. DISTRICT COURT MPLS

In the plea agreement, the government believes the base level is 24 (USSG § 2k2.1(a)(2)), and 2-level increase applies for obstruction (USSG § 3C1.1). The Defendant believes his base offense level is 20 (USSG § 2K2.1(a)(4), and no enhancement for obstruction applies. The parties agree that a 2-level increase applies because the firearm was stolen (USSG § 2k2.1(b)(4)(A)), a 3-level decrease applies for acceptance of responsibility (USSG § 3E1.1). Based on available information at the time of the plea, the parties believe the criminal history category is VI. Therefore, the government computes a total offense level of 25 (24+2+2-3) and a guideline range of 110 to 137 months imprisonment. Being so both parties agreed to 120 months. The Defendant anticipates a total offense level of 19 (20+2-3) and a guideline range of 63 to 78 months imprisonment. The 'change-of-plea' hearing determined the Court would decide.

## BACKGROUND

Defendant is a 49-year-old man who has a difficult life growing up. Defendant comes from a multi-racial family that frequently moved around a lot from Brooklyn Ctr., to Bloomington, Minnesota. Defendant has two half brother's, and three half sister's, two of them are now deceased. Defendant was watched as a child by people unfit. Family and friends of the family would watch Defendant which lead to unwanted physical and mental abuse. Which ultimately resulted in him acting-out as a teenager. Defendant was brought up around drugs and alcohol, with a history of T.B.I.'s. Currently, Defendant has stable relationships in his life. Defendant has a daughter, of which he stays in contact with. With the untimely death of his sister, he is the sole care-giver of his mother.

Despite difficulties in school, Defendant obtained his G.E.D. at the age of 17 in the Plymouth-Work-House. Defendant has a Class A, Commercial Drivers License, (C.D.L.'s). Defendant intends to continue a career in driving, and transportation upon his release.

The current offense occurred when the Defendant went to give a cousin a ride. Defendant did not know about the firearm being hidden in the engine compartment, until being told by his sister, when he stopped by her house. After that he knew it was there, and did nothing about it. While sitting in the County Jail, Defendant called his niece, whom he allowed to use the vehicle, and asked her to take ownership of the charge. He did know it was there when he got pulled over for a minor traffic infraction, (high-beams). Mr. Strother totally complied with every aspect of the stop. Defendant was prohibited from possessing a firearm. Defendant accepted responsibility for this offense, and totally admits to the possession of a stolen firearm.

## ARGUMENT

The Eighth Circuit has articulated a three-step sentencing procedure. *United Sates v. John H. Sitting Bear, 436 F.3d 929, 934 (8th Cir. 2006)*. First, the Court is to determine the sentencing guideline range. *Id.* Second, the Court is to consider whether a departure is warranted under the guidelines. *Id.* Third, the Court should consider the factors enumerated in 18 U.S.C. §3553(a) and determine the proper sentence based on the facts of the case. *Id.*

In exercising its sentencing consideration, the Court is tasked with imposing "a sufficient sentence, but not greater than necessary" to comply with 18 U.S.C. §3553(a)(2). In so doing, the Court is to consider the factors articulated in 18 U.S.C. §3553(a). *Gall, 552 U.S. at 49-50; United States v. Barron, 557 F.3d 866 (8th Cir. 2009)*. A review of Section 3553(a) factors demonstrates Defendant should not receive a sentence greater than 63 months.

## PARSIMONY PROVISION FACTORS

A thoughtful sentence requires the Court to thoroughly consider the Parsimony Provision factors before imposing the sentence. 18 U.S.C. §3553(a). Such a sentence shall be

sufficient, but not greater than necessary, to comply with the purpose set forth in Section 3553. *Id.* Such purposes the Court shall consider include; the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and the kinds of sentences available. *Id.* Moreover, Section 3553(b) authorizes the Court to impose a sentence outside of the recommended guideline range if mitigating circumstances exist that were not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. 18 U.S.C. §3553(b).

The Supreme Court in *Booker* held that the United States Sentencing Guidelines are advisory and that District Courts must examine all the §3553(a) factors in order to impose a sentence "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *United States v. Booker, 543 U.S. 220 (2005).* The ensuring trio of 2007 Supreme Court cases made abundantly clear that District Courts must fashion individualized sentences based on the unique facts and circumstances of each case, and the Guidelines emphatically do not enjoy a presumption of reasonableness. *See Gall, 128 S.Ct. At 602* (probationary sentence substantially outside of Guidelines was reasonable and justified); *Kimbrough v. Unites States, 128 S.Ct. 558, 570 (2007)* (sentencing courts may depart from guidelines range based solely on policy considerations, including disagreements with guideline drug sentencing policies); *Rita v. United States, 127, S.Ct. 2456, 2465 (2007)*(sentencing courts may vary based on arguments that guideline sentencing range

4

itself fails to comport with §3553(a) factors, and to reject (after due consideration) the advise of the Guidelines." *Kimbrough, 128 S.Ct. At 577 (Scalia, J., concurring)*.

The "Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *Nelson v. United States, 129 S.Ct. 890 (2009)*. It is "uniform and consistent in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States, 518 U.S. 81, 113 (1996)*. However, in light of several recent Supreme Court cases, it is now truly incumbent on the sentencing court to "make an individualized assessment based on the facts presented" in each case. *Gall, 128 S.Ct. At 602*. District Courts "may not presume that the Guidelines range is reasonable." *Id. at 597*.

Because the District Court is in a uniquely "superior position to find facts and judge their import under §3553(a)," the Appellate Courts must now review all sentences under an abuse-of-discretion standard, regardless of whether the sentence is inside or outside the Guidelines range. *Gall, 128 S.Ct. at 597, 602*. The Supreme Court has explicitly rejected the notion that extraordinary circumstances are required to justify a sentence outside the Guidelines range. *Id. at 595*. The Supreme Court also rejected "the use of rigid mathematical formula the uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id.* So long as sentences that differ from the Guidelines are justified, a sentencing court's decision stands unassailable on appeal. *See, e.g. United States v. Jiminez-Gutierrez, 491 F.3d 923 (8th Cir. 2007)* (affirming substantial downward departure that was justified on record, and noting that even where circuit courts disagree with the degree of a trial judge's departure, the discretion to

make such decisions is with the sole province of the District Court); *United States v. Gonzales-Alvorado, 477 F.3d 648, 650 (8th Cir. 2007)*(noting that a sentence that varies from the Guidelines range is reasonable so long as the judge offers appropriate justifications under §3553(a) factors).

After using the Guidelines to determine the initial benchmark and allowing the parties to argue their respective positions, the Court should then take an individualized assessment of the unique facts of the case based on the §3553(a) factors. *Gall, 128 S.Ct. at 596-97.* "After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id. at 597*. Ultimately, this Court is charged with the duty to protect the public, as well as the civil rights of Defendant, with its experience, its wisdom, and the discretion vested in it by the Constitution and Congress.

**The Section §3553(a) Factors Justify a Downward Variance to a Sentence of 63 months.**

In exercising its sentencing consideration, the Court is tasked with imposing "a sufficient sentence, but not greater than necessary" to comply with 18 U.S.C. §3553(a)(2). In so doing, the Court is to consider the factors articulated in 18 U.S.C. §3553(a). *Gall, 552 U.S. at 49-50; United States v. Barron, 557 F.3d 866, 868 (8th Cir. 2009)*. A sentencing judge cannot "presume that the Guideline range is reasonable" and must depart from the Guidelines range when "the justification is sufficiently compelling to support the degree of the variance." *Gall, 552 U.S. at 50.* Indeed, Section 3553(a) requires more than "a mechanical recitation that [a] sentence complies with the requirements of [section] 3553(a)." *United States v. Spencer, 700 F.3d 317, 326 (8th Cir. 2012).*

Defendant is not arguing for a particular departure, but rather that this Court should vary from the guideline range of 63-78 months. A court can consider a variance after considering all

relevant departure provisions. In some situations, a prohibited ground for departure may be valid basis for variance. *See, e.g., United States v. Chase, 560 F.3d 828, 832 (8th Cir. 2009)* (departure precedents do not bind district courts with respect to variance decisions but may be considered "persuasive authority"). Allowing a court to vary from the guideline range ensures a court imposes a sentence that is "sufficient, but not greater than necessary" to meet the goals of sentencing. 18 U.S.C. § 3553(a).

A sentence of 63 months would appropriately reflect the seriousness of Defendant's offense without imposing an unnecessary sentence on Defendant or showing disrespect for the law. Defendant readily admits responsibility for this offense. Defendant's offense was non-violent and occurred during an act of compassion. He really needs to put more thought in the decisions he makes.

Defendant is 49 years old now. A shorter sentence ensures he does not further familiarize himself with the prison system and become at home there. A short sentence ensures Defendant can continue to be a good grandfather, and has an opportunity to resume a career in his early 50's driving. A shorter sentence ensures he can become a productive member of society and not a number in a cell that costs taxpayers money. A sentence at or above the guideline range will push Defendant into an uncomfortable range of becoming too old for employment. Defendant almost certainly faces a tough task of convincing any employer to hire him. This becomes more difficult the longer Defendant is in prison. Defendant's commitment to finding legal employment ensures he will not be a future threat to public safety.

Defendant needs an opportunity to show he can live a legal lifestyle. Defendant's opportunity is more likely to succeed with a shorter sentence. The goal should be to restore

Defendant, not punish him disproportionately. Defendant has also accomplished a lot, while participating in pre-sentence rehabilitation programs during the 32 months spent in County Jail.

## CONCLUSION

The appropriate sentence for Defendant is one that recognizes the seriousness of his offense but also recognizes Defendant is capable of being better. Defendant should receive a downward variance and sentence of no more than 63 months. 63 months is the maximum time an individual would serve in the State of Minnesota for the same exact offense. The offender would do a term of 42 months in the State, out of 63 months, which is two-thirds of that time. They may also have a chance to qualify for the boot-camp program, and be home in 6 months. In the Federal system, 63 months, would turn into a term of 53½ months, that is about 85%, which is actually more time. Firearm sentences are more harsh in the Federal system, intended for more violent offenders, and gang members. Defendant is neither of those. A fair sentence is highly appreciated for this non-violent offense.

Respectfully submitted,

Dated: August 18th, 2021

By: /s/ Percy Lee Strother Jr.
Defendant
Sherburne County Jail
13880 Business Center Dr. N.W.
Elk River, MN 55330



Russell Leo Bartell 8-7-2021

RUSSELL LEO BARTELL
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2024

8