UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                           Crim. No. 19-128 (JRT/TNL)

       Plaintiff,

v.                      **MEMORANDUM OPINION AND ORDER
                          DENYING DEFENDANT'S MOTIONS**

PERCY LEE STROTHER, JR.,

       Defendant.

---

Bradley M. Endicott, **UNITED STATES ATTORNEY'S OFFICE,** 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for plaintiff.

Percy Lee Strother, BOP Reg. No. 22002-041, USP McCreary, P.O. Box 3000, Pine Knot, KY 42635, *pro se* defendant.

Defendant Percy Lee Strother, Jr. was charged with one count of possessing a stolen firearm. Strother seeks relief from his sentence pursuant to 28 U.S.C. § 2255 and also requests the Court grant him compassionate release. Because none of Strother's claims entitle him to § 2255 relief, and because he has not demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence, the Court will deny both of his motions.

## BACKGROUND

On January 5, 2019, a Minnesota State Trooper stopped Strother's vehicle for driving with his high beam headlights on. (PSR ¶ 9, June 29, 2021, Docket No. 85.) The officer observed signs of chemical impairment, performed a field sobriety test, and

requested assistance from a drug canine handler. (*Id.*) The canine alerted next to the front headlight. (*Id*.) The canine's handler searched under the hood of Strother's vehicle and examined a loose fuse box next to the headlight wherein the officer found a .38 caliber handgun that was registered as stolen. (*Id*. ¶¶ 9, 13.) Strother was then arrested. (*Id.* ¶ 9.)

While incarcerated, Strother called his niece from jail and asked if she was ever convicted of a felony. (*Id*. ¶ 10.) After she said no, Strother asked her to claim possession of the handgun found in his vehicle and told her:

> If you're not a felon . . . you won't even get charged because they don't got nothing on you because they find it on me. You know what I'm saying? So what they do is verify it wasn't mine then it won't be a serious felony. But I was gonna say, if you could grab it, if you could say that, then I would just give you that car. You know what I'm saying? If you wanted to do that.

(*Id*.) Strother also provided suggestions on how his niece could claim ownership and told her "you could say something else like I got it from a friend." (*Id.* ¶ 11.) Strother's niece said "I will do that for you," and later provided an untruthful statement claiming ownership of the handgun. (*Id.* ¶¶ 11–12.) The handgun in Strother's vehicle was later submitted for DNA testing, and the DNA profile on the handgun matched Strother. (*Id.* ¶ 13.)

On May 11, 2021, Strother entered a guilty plea. (Plea Agreement, May 11, 2021, Docket No. 79.) Strother was later sentenced to 96 months' imprisonment and three years of supervised release. (Sentencing J., Sept. 13, 2021, Docket No. 112.)

On March 4, 2022, Strother submitted a request to the warden of the prison where he is incarcerated seeking compassionate release because he is prescribed medications that are banned by his institution. (Mot. Compassionate Release, Ex. 1, Apr. 1, 2022, Docket No. 117.) On April 1, 2022, Strother filed a Motion for Compassionate Release claiming that he has extremely high blood pressure, hyperlipemia, and serious mental and psychological problems. (Mot. Compassionate Release at 1.)

On March 7, 2022, Strother also filed a § 2255 motion requesting a lesser guideline sentence. (Mot. Vacate, Mar. 7, 2022, Docket No. 114.)

## DISCUSSION

### I. SECTION 2255 MOTION

#### A. Standard of review

28 U.S.C. § 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### B. Analysis

Strother contends § 2255 relief is warranted for four reasons.

First, Strother contends that his Fourth Amendment rights were violated when he was pulled over for a minor traffic violation and tested for driving while impaired. Regardless of the fact that Strother fails to articulate how his rights were violated, "[i]t is a well-established legal principle that a valid plea of guilty is an admission of guilt that waives all nonjurisdictional defects and defenses." *United States v. Smith,* 422 F.3d 715, 724 (8th Cir. 2005); *see also O'Leary v. United States,* 856 F.2d 1142, 1143 (8th Cir. 1988) ("In pleading guilty, a defendant admits all of the factual allegations made in the indictment . . . [and] waives all challenges that do not relate to jurisdiction."). Accordingly, Strother's Fourth Amendment argument has been waived and it is not cognizable in his § 2255 motion.

Second, Strother claims that he erroneously received an increase in his offense level at sentencing for perjury. While Strother does not specifically direct the Court to the levels allegedly at issue, it is likely that the levels Strother references were assessed due to his attempt to induce his niece to claim ownership of the gun. (PSR ¶¶ 15, 25.)

Regardless of the fact that there was sufficient evidence to apply a 2-level increase under U.S.S.G. § 3C1.1, (*Id.* ¶¶ 10-12), the Eighth Circuit has consistently held "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim," *Auman v. United States,* 67 F.3d 157, 161 (8th Cir.1995), and such questions "may not be re-litigated under § 2255," *United*

*States v. McGee,* 201 F.3d 1022, 1023 (8th Cir. 2000). Here, Strother's two-level increase pursuant to U.S.S.G. § 3C1.1 is an ordinary guideline interpretation and is therefore not a proper § 2255 claim.

Third, Strother contends that the DNA on the gun he possessed was inconclusive. Claims challenging the sufficiency of the evidence are not of constitutional or jurisdictional significance and are not appropriate claims under § 2255. *See Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994) ("A claim that all of a crime's statutory elements were not proven is not a constitutional claim for the purposes of collateral attack.").

Regardless, it appears that Strother is conflating the DNA results for a handgun recovered by officers during a stop and arrest on October 12, 2018, (PSR ¶ 7), for which DNA testing was inconclusive due to insufficient material for testing. (*Id.* ¶ 8.) However, it is clear from the record that the gun found during Strother's January 5, 2019, arrest was forensically analyzed and did not have the same defects. (*Id.* ¶ 13.)

Fourth, Strother contends that he has not been found guilty of third-degree assault and argues that the charges were dismissed in 2019. While it is true that Strother had a third-degree assault charged dismissed in December 2019, (Mot. Vacate, Ex. 1 at 2, Mar. 3, 2022, Docket No. 114-1), Strother pled guilty to third-degree assault in 2011 after punching a woman "in her face, head, and neck between 10 and 15 times," leaving her with "a right orbital fracture and a depressed bond fragment displaced in her sinus." (PSR

¶ 61.) Also, while the PSR noted that the alleged 2019 assault was pending, it did not factor into Strother's criminal history score. (*Id.* ¶ 86.)

In sum, none of Strother's grounds warrant granting his Motion to Vacate under § 2255, and, accordingly, the Court will deny his Motion.

### C. Certificate of Appealability

A court may grant a certificate of appealability of a § 2255 motion only where a petitioner has made a substantial showing of the denial of a constitutional right.[1] *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be "debatable among reasonable jurists," a court must be able to "resolve the issues differently," or the case must "deserve further proceedings." *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised by Strother's motion to vacate differently. The Court therefore concludes that Strother has failed to make the required substantial showing of the denial of a constitutional right and will not issue a certificate of appealability.

---

[1] To be clear, the denial of the certificate of appealability applies only to Strother's § 2255 Motion, not to his Motion for Compassionate Release.

## II.     COMPASSIONATE RELEASE

### A.     Standard of Review

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Once the Court receives a motion from the BOP or a defendant, the Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  The Sentencing Commission notes that extraordinary and compelling reasons may exist when a defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care.  U.S.S.G. § 1B1.13 cmt. n.1.

### B.     Analysis

While Strother allegedly suffers from several medical conditions, he has not provided his medical records in this case and, therefore, has not demonstrated that he is suffering from a terminal illness or a disease that substantially diminishes his ability to

provide self-care.  Without medical records to substantiate his medical conditions, the Court is unable to find that he has extraordinary or compelling reason warranting a reduction of Strother's sentence.

Even if extraordinary and compelling reason warranted a reduction in Strother's case, the Court also finds that a reduction of his sentence would not comport with the factors set forth in § 3553(a) and the applicable Sentencing Commission policy statement. 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13.  Strother was sentenced in September 2022 and has served a little over one year of his sentence.  Reducing his term of imprisonment to time served would therefore create sentence disparities and minimize the seriousness of his crime.  Furthermore, Strother's criminal history involves incidents of violence, and reducing his sentence to time served would pose a danger to others and the community.

In sum, neither an extraordinary and compelling reason nor consideration of the § 3553(a) factors warrant a reduction of Strother's sentence.  Accordingly, the Court will deny Strother's Motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate [Docket No. 114] is **DENIED**;

2. Defendant's Motion for Compassionate Release [Docket No. 117] is **DENIED**; and

3. The Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c) for Defendant's Motion to Vacate.

DATED: October 6, 2022
at Minneapolis, Minnesota.

                                                             JOHN R. TUNHEIM
                                             United States District Judge